IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**CHARNAE JONES,**

'   Plaintiff,

v.

**PROVISTA DIAGNOSTICS, INC.
and
TODAS MEDICAL,**

Defendants.

CIVIL ACTION NO.

## **COMPLAINT**

COMES NOW Plaintiff, Charnae Jones, ("Plaintiff"), by and through

counsel, signed below and files this Complaint, alleging as follows:

## **NATURE OF THIS ACTION**

1.

This action is brought under the Fair Labor Standards Act of 1938

("FLSA"), as amended, 29 U.S.C. §201 *et seq*., in which Plaintiff seeks

compensatory, liquidated damages and attorney's fees, against Defendants for their

failure to pay wages due and for Defendants' failure to pay federally-mandated

overtime wages during Plaintiff's employment with Defendants. Plaintiff

additionally brings this claim for retaliation in violation of 29 U.S.C. 215(a)(3).

## PARTIES

2.

Charnae Jones, the named Plaintiff in this action, is an individual who resides in the state of Georgia, county of Fulton, which is located in the Northern District of Georgia and who submits herself to the jurisdiction and venue of this Court.

3.

Plaintiff is an "employee" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

4.

Provista Diagnostics, Inc. ("Defendant Provista") is a foreign, for profit corporation who is owned and controlled by its parent company, Todos Medical.

5.

Provista Diagnostics, Inc. may be served by delivering the summons and Complaint to its registered agent, Daniel Hirsch at 2001 Westside Parkway, Suite 240, Alpharetta, Georgia 30004

6.

Todos Medical ("Defendant Todos") is a foreign company who, according to information and belief, is the parent company to Defendant Todos. Defendant

Todos will be afforded the opportunity to waive service. Plaintiff's request for Waiver of Service will be sent to Todos Medical at 40 Wall Street. Suite 2702, New York, New York 10005.

7.

Provista Diagnostics, Inc. has substantial ties to the state of Georgia and the Northern District of Georgia given that they operate a a business located in Georgia and maintain and maintained offices at all relevant times hereto, conducting regular, not isolated acts of business in Georgia and in the Northern District of Georgia.

8.

Defendant Todos Medical, according to information and belief is the parent company to Defendant Provista maintaining control and direction of Defendant Provista, having the same CFO, Daniel Hirsch and listing on the Georgia Secretary of State website, Defendant Provista's business address as the same address used by Defendant Todos, in New York.

9.

Both Defendants were and are, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 204(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 204(r), and "engaged in commerce"

within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

10.

At all relevant times, individually and collectively, Defendants have been and remain an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d) in that they acted "…directly or indirectly in the interest of an employer in relation to an employee…"

11.

As employers who engage in commerce, both Defendants are subject to the requirements of the FLSA, 29 U.S.C. §201 *et seq*.

12.

Each Defendant was at all relevant times aware of the existence and requirements to pay employees agreed upon wages and the employees who work longer than forty (40) hours in a single workweek, one and one half the employee's regular rate of pay for all hours worked within the workweek in excess of forty (40) hours.

### **Jurisdiction**

13.

Jurisdiction, over this action, is conferred, in this Court, by § 216(b) of FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

14.

As stated above, Plaintiff submits herself to the jurisdiction of this Court.

## **Venue**

15.

The unlawful employment practices were committed within the state of Georgia, county of Fulton.  Therefore, venue is proper pursuant to 28 U.S.C. §1391(b).

## **FACTS**

16.

Plaintiff is a former employee of Defendants.

17.

From on or about January 2021 to on or about November 2022, Plaintiff was employed by Defendants as a "Medical Lab Tech II".

18.

Plaintiff was uncompensated for a period of time while she suffered or was permitted to work for the benefit of employer.

19.

Defendants are aware of their violations of the Fair Labor Standards Act of 1938, at amended ("FLSA").

20.

Defendants are aware that Plaintiff has reported these violations to the Georgia Department of Labor.

21.

Defendants have not cured the FLSA violations.

22.

During her tenure with Defendants, Plaintiff also was denied overtime payment for those hours worked in excess of 40 hours in a workweek.

23.

Throughout her tenure, as an employee, with Defendants, Plaintiff was a "Medical Lab Tech II", the primary duties of which did not fall under the executive exemption of the FLSA.

24.

Throughout her employment with Defendants, Plaintiff never directed the work of any of Defendants' full time employees.

25.

Plaintiff never had the authority to hire and fire any of Defendants' other employees.

26.

Plaintiff never exercised discretion or independent judgment with respect to matters significant to any of Defendants.

27.

At all times relevant to this action, Plaintiff was non-exempt for the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§201 *et seq.*

28.

According to information and belief, Defendants paid Plaintiff by direct deposit.

29.

While employed, Plaintiff's work schedule and duties were controlled by Defendants.

30.

Defendants failed to pay Plaintiff one and one-half times her regular rate of pay for the hours worked in excess of forty in any workweek.

31.

Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

32.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages.

33.

Defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive agreed-upon wages and appropriate overtime compensation for her work with Defendants.

34.

Defendants, jointly and severally, owe Plaintiff pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount, pursuant to 29 U.S.C. §216(b).

35.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiffs, jointly and severally, for reasonable attorney's fees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARD ACT (FLSA)**

36.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of this Complaint as if set forth fully in this count.

37.

Upon hire, Plaintiff and Defendants arrived at a rate of pay and intervals upon which payment was to be made by Defendants to Plaintiff.

38.

Defendants were required, in accordance with the FLSA, to pay the agreed upon amount for time worked and required to pay one and one-half times her regular rate of pay for her hours worked that were over 40 hours in each workweek.

39.

Defendants failed to pay Plaintiff the agreed upon wages and failed to pay one and one-half times her regular rate of pay for each hour worked over forty (40) hours in a week.  Instead, Plaintiff was paid nothing for a period of time and nothing for the hours over forty (40) hours in each work week and Defendants failed to pay her regular paychecks.

40.

Because of this illegal practice, Plaintiff was forced to end her employment with Defendants in the hope of finding an employer who would pay wages earned.

41.

Defendants' unlawful acts, omissions, and practices concerning the terms,

conditions, and provisions of Plaintiff's employment violate the FLSA.

42.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages.

43.

Defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for her work with Defendants.

44.

Defendants, jointly and severally, owe Plaintiff pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

45.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiffs, jointly and severally, for reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE FLSA, as amended
## 29 U.S.C. §215(a)(3)

46.

Plaintiff realleges Paragraphs 1 through 45 as if fully set out in this count.

47.

Plaintiff made a report to the Georgia Department of Labor that she had not received wages that she was due. Thus, Plaintiff undertook activities protected under 29 U.S.C. § 215(a)(3).

48.

Plaintiff had been part of a group of employees that were denied payment of wages for a period of time by Defendants.

49.

Plaintiff was forced to resign from her position with Defendants in order for Plaintiff to get paid.

50.

On or about November 23, 2022 through December 23, 2022, Defendants retaliated against Plaintiff by paying employees that had not made a report to the Georgia Department of Labor and failing to pay Plaintiff. Plaintiff remains unpaid.

51.

Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

52.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages and continues to suffer a loss of income due to her

unemployment.

53.

Defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for her work with Defendants.

54.

Defendants, jointly and severally, owe Plaintiff pay for work performed but not compensated in an amount to be determined, plus liquidated damages in the same amount, prejudgment interest to the extent that liquidated damages are not awarded, nominal damages, her costs of litigation, including reasonable attorney's fees pursuant to 29 U.S.C. §216(b).

55.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff, jointly and severally, for reasonable attorney's fees.

**Prayer for Relief**

WHEREFORE, Plaintiff demands relief as follows:

1.  Take jurisdiction of this matter;

2.  Grant trial by jury as to all matters properly triable to a jury;

3.  Instruct the Clerk of Court to issue summons that are attached herein;

4.  Issue an Order holding each Defendant to be an "employer" as that term is defined under the FLSA;

5.  Issue a judgment declaring that Plaintiff is an employee covered by the FLSA, and that Defendants have failed to comply with their obligations under the FLSA;

6.  Issue an order finding that Defendants violated sections 215 and 216 of the FLSA;

7.  Award judgment in favor of Plaintiff, against Defendants, jointly and severally, for unpaid wages and unpaid overtime compensation together with liquidated damages in an equal amount;

8.  Award Plaintiff prejudgment interest from Defendants, jointly and severally, on all amounts owed to the extent that liquidated damages are not awarded;

9.  Award Plaintiff nominal damages;

10. Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiff against

11. Defendants, jointly and severally for reasonable attorney fees;

12. Judgment in favor of Plaintiff against Defendants, jointly and severally, for all taxable and non-taxable costs;

13. Pursuant to the Seventh Amendment of the United States Constitution

    and Rule 38, Fed. R. Civ. P., TRIAL BY JURY on all claims on which a

    jury is available; AND

14. Award such other, further and different relief as this Court deems

    appropriate and proper.


Respectfully submitted this 29th day of December, 2022.


/s/ Beverly A. Lucas
Beverly A. Lucas
Georgia Bar No. 427692
**LUCAS & LEON, LLC**
P.O. Box 752
Clarkesville, Georgia 30523
beverly@lucasandleon.com

Attorney for Charnae Jones

## **CERTIFICATION**

I do hereby certify that this document has been prepared in Times Roman font, 14 point, in compliance with LR 5.1(C) of this Court.

/s/ Beverly Lucas
Beverly Lucas