IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**CHARNAE JONES**,

Plaintiff,

v.

**PROVISTA DIAGNOSTICS, INC.
and
TODAS MEDICAL,
and
DANIEL HIRSCH,
In his personal capacity,**

Defendants.

**CIVIL ACTION NO.
1:22-cv-05134-MLB
JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Charnae Jones, ("Plaintiff"), by and through

counsel, signed below and files this First Amended Complaint, alleging as follows:

## NATURE OF THIS ACTION

1.

This action is brought under the Fair Labor Standards Act of 1938

("FLSA"), as amended, 29 U.S.C. §201 *et seq.*, in which Plaintiff seeks

compensatory, liquidated damages and attorney's fees, against Defendants for their
failure to pay wages due and for Defendants' failure to pay federally-mandated
overtime wages during Plaintiff's employment with Defendants. Plaintiff
additionally brings this claim for retaliation in violation of 29 U.S.C. 215(a)(3).  In
addition, Plaintiff seeks to recovery in *quantum meruit* under state law contract
theory based on the value od services rendered and benefits conferred upon
Defendants by Plaintiff's work without proper compensation. Further, Plaintiff
seeks to recover her attorney's fees for Defendants' actions/inactions in bad faith
and in violation of O.C.G.A. § 13-6-11.

## PARTIES

2.

Charnae Jones, the named Plaintiff in this action, is an individual who
resides in the state of Georgia, county of Fulton, which is located in the Northern
District of Georgia and who submits herself to the jurisdiction and venue of this
Court.

3.

Plaintiff is an "employee" as defined by the Fair Labor Standards Act, 29
U.S.C. § 203(e)(1).

4.

Provista Diagnostics, Inc. ("Defendant Provista") is a foreign, for profit corporation who is owned and controlled by its parent company, Todos Medical.

5.

Provista Diagnostics, Inc. may be served by delivering the summons and Complaint to its registered agent, Daniel Hirsch at 2001 Westside Parkway, Suite 240, Alpharetta, Georgia 30004.

6.

Todos Medical ("Defendant Todos") is a foreign company who, according to information and belief, is the parent company to Defendant Todos. Defendant Todos will be afforded the opportunity to waive service. Plaintiff's request for Waiver of Service will be sent to Todos Medical at 2001 Westside Parkway, Suite 240, Alpharetta, Georgia 30004.

7.

Provista Diagnostics, Inc. has substantial ties to the state of Georgia and the Northern District of Georgia given that they operate a a business located in Georgia and maintain and maintained offices at all relevant times hereto, conducting regular, not isolated acts of business in Georgia and in the Northern District of Georgia.

8.

Defendant Todos Medical, Ltd., according to information and belief is the parent company to Defendant Provista maintaining control and direction of Defendant Provista, having the same CFO, Daniel Hirsch and listing on the Georgia Secretary of State website, Defendant Provista's business address as the same address used by Defendant Todos, in New York.

9.

Daniel Hirsch is the CFO of both Defendant Provista and Defendant Todos. As such, Hirsch controls payment of wages, overtime payments for employees including the Plaintiff and lack thereof. He may be served with process of service by delivering Summons and Complaint to his office located at 2001 Westside Parkway, Suite 240, Alpharetta, Georgia 30004.

10.

Todos Medical and Provista have the same CEO, Gerald Commissiong and the same CFO, Daniel Hirsch who control both companies. Todos and Provista make decisions jointly and act as joint employers with regard to their employees.

11.

All Defendants were and are, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 204(d), an "enterprise"

within the meaning of FLSA, 29 U.S.C. § 204(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

12.

At all relevant times, individually and collectively, Defendants have been and remain an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d) in that they acted "…directly or indirectly in the interest of an employer in relation to an employee…"

13.

As employers who engage in commerce, both Defendants are subject to the requirements of the FLSA, 29 U.S.C. §201 *et seq*.

14.

Each Defendant was at all relevant times aware of the existence and requirements to pay employees agreed upon wages and the employees who work longer than forty (40) hours in a single workweek, one and one half the employee's regular rate of pay for all hours worked within the workweek in excess of forty (40) hours.

**Jurisdiction**

15.

Jurisdiction, over this action, is conferred, in this Court, by § 216(b) of

FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

16.

As stated above, Plaintiff submits herself to the jurisdiction of this Court.

## Venue

17.

The unlawful employment practices were committed within the state of Georgia, county of Fulton.  Therefore, venue is proper pursuant to 28 U.S.C. §1391(b).

## FACTS

18.

Plaintiff is a former employee of Defendants.

19.

From on or about January 2021 to on or about November 2022, Plaintiff was employed by Defendants as a "Medical Lab Tech II".

20.

Plaintiff was completely uncompensated for a period of time from on or about October 14, 2022 until on or about November 23, 2022, while she suffered or was permitted to work for the benefit of Defendants.

6

21.

Plaintiff was misclassified as salary-exempt by Defendants.

22.

Plaintiff worked in excess of forty (40) hours in a single work week without being paid overtime compensation.

23.

Defendants are aware of their violations of the Fair Labor Standards Act of 1938, at amended ("FLSA").

24.

Plaintiff has received multiple emails from Defendants who acknowledged that Defendants were aware that Plaintiff was not paid.

25.

Defendants are aware that Plaintiff has reported these violations to the Georgia Department of Labor.

26.

Defendants have not cured the FLSA violations.

27.

During her tenure with Defendants, Plaintiff also was denied overtime payment for those hours worked in excess of forty (40) hours in a workweek.

28.

Throughout her tenure, as an employee, with Defendants, Plaintiff was a "Medical Lab Tech II",  the primary duties of which did not fall under the executive exemption of the FLSA.

29.

Throughout her employment with Defendants, Plaintiff never directed the work of any of Defendants' full time employees.

30.

Plaintiff never had the authority to hire and fire any of Defendants' other employees.

31.

Plaintiff never exercised discretion or independent judgment with respect to matters significant to any of Defendants.

32.

At all times relevant to this action, Plaintiff was non-exempt for the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§201 *et seq*.

33.

According to information and belief, Defendants paid Plaintiff by direct deposit.

34.

While employed, Plaintiff's work schedule and duties were controlled by Defendants.

35.

Defendants failed to pay Plaintiff one and one-half times her regular rate of pay for the hours worked in excess of forty in any workweek.

36.

Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

37.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages.

38.

Defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive agreed-upon wages and appropriate overtime compensation for her work with Defendants.

39.

Defendants, jointly and severally, owe Plaintiff pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an

equal amount, pursuant to 29 U.S.C. §216(b).

40.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiffs, jointly

and severally, for reasonable attorney's fees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARD ACT (FLSA)**

41.

Plaintiff re-alleges and incorporates by reference each of the foregoing

paragraphs of this Complaint as if set forth fully in this count.

42.

Upon hire, Plaintiff and Defendants arrived at a rate of pay and intervals

upon which payment was to be made by Defendants to Plaintiff.

43.

Defendants were required, in accordance with the FLSA, to pay the agreed

upon amount for time worked.

44.

Defendants failed to pay Plaintiff the agreed upon wages.  Instead, Plaintiff

was paid nothing for a period of time from on or about October 14, 2022 until on

or about November 23, 2022 while Plaintiff continued to suffer for the benefit of

Defendants.

45.

Because of this illegal practice, Plaintiff was forced to end her employment with Defendants in the hope of finding an employer who would pay wages earned.

46.

Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

47.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages.

48.

Based upon the facts alleged herein, Defendants had no reasonable grounds for believing that their refusal to pay Plaintiff for all hours worked was appropriate under the FLSA. As such, Defendants are not entitled to any reduction in the amount of liquidated damages in 29 U.S.C. § 216.

49.

Defendants' failure and refusal to pay Plaintiff compensation owed was willful and done in bad faith.  Plaintiff is entitled, therefore, to the benefit of the three-year statute of limitations and unpaid compensation with interest to date plus liquidated damages all pursuant to 29 U.S.C. §§ 207, 215, 216 and 255.

50.

Defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for her work with Defendants.

51.

Defendants, jointly and severally, owe Plaintiff pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

52.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiffs, jointly and severally, for reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)
## FAILURE TO PAY OVERTIME

53.

Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as if set forth fully in this count.

54.

Pursuant to Defendants' failure and refusal to pay Plaintiff for Plaintiff's work (over 40 hours in a workweek) performed for the benefit of Defendants,

Defendants have violated FLSA 29 U.S.C. §§ 207 and 215.

55.

Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate FLSA.

56.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages.

57.

Based upon the facts alleged herein, Defendants had no reasonable grounds for believing that their refusal to pay Plaintiff for all hours worked in excess of forty (40) in a single workweek was appropriate under FLSA.  As such, Defendants are not entitled to any reduction in the amount of liquidated damages in 29 U.S.C. § 216.

58.

Defendants' failure to pay Plaintiff overtime compensation owed was willful and done in bad faith. Plaintiff is entitled, therefore, to the benefit of the three-year statute of limitations and unpaid compensation with interest to date plus liquidated damages all pursuant to 29 U.S.C. §§ 207, 215, 216 and 255.

59.

Defendants' willful violation of FLSA shows reckless disregard of each

Plaintiff's right to receive appropriate compensation for her work with Defendants.

60.

Defendants, jointly and severally, owe Plaintiff overtime pay for work

performed but not compensated in an amount to be determined, plus liquidated

damages in an equal amount pursuant to 29 U.S.C. § 216(b).

61.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff, jointly

and severally, for reasonable attorney's fees.

## THIRD CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE FLSA, as amended
## 29 U.S.C. §215(a)(3)

62.

Plaintiff realleges the foregoing paragraphs as if fully set out in this count.

63.

Plaintiff made a report to the Georgia Department of Labor that she had not

received wages that she was due. Thus, Plaintiff undertook activities protected

under 29 U.S.C. § 215(a)(3).

64.

Plaintiff had been part of a group of employees that were denied payment of wages for a period of time by Defendants.

65.

Plaintiff was forced to resign from her position with Defendants in order for Plaintiff to get paid.

66.

On or about November 23, 2022 through December 23, 2022, Defendants retaliated against Plaintiff by paying employees that had not made a report to the Georgia Department of Labor and failing to pay Plaintiff. Plaintiff remains unpaid.

67.

Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

68.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages and continues to suffer a loss of income due to her unemployment.

69.

Defendants' willful violation of the FLSA shows reckless disregard of

Plaintiff's right to receive appropriate overtime compensation for her work with Defendants.

70.

Defendants, jointly and severally, owe Plaintiff pay for work performed but not compensated in an amount to be determined, plus liquidated damages in the same amount, prejudgment interest to the extent that liquidated damages are not awarded, nominal damages, her costs of litigation, including reasonable attorney's fees pursuant to 29 U.S.C. §216(b).

71.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff, jointly and severally, for reasonable attorney's fees.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

72.

Plaintiff realleges the foregoing paragraphs as if fully set out in this count.

73.

By working and by working overtime, performing their duties, Plaintiff provided Defendants the valuable benefit of Plaintiff's services.

74.

By refusing to compensate Plaintiff for the valuable services Plaintiff

provided, all Defendants have been unjustly enriched and each Defendant is liable to Plaintiff on the theory of *quantum meruit*.

75.

The value of Plaintiff's services is calculated as Plaintiff's hourly rate for all hours worked that went unpaid.

### FIFTH COUNT
### VIOLATION OF O.C.G.A. § 13-6-11

76.

Plaintiff realleges the foregoing paragraphs as if fully set out in this count.

77.

By the actions of Defendants as described above, has acted in bad faith, have been stubbornly litigious and have put Plaintiff to unnecessary trouble and expense.

78.

Accordingly, Plaintiff is entitled to recover her attorney's fees and expenses incurred while protecting her rights in this action.

### Prayer for Relief

WHEREFORE, Plaintiff demands relief as follows:

1.  Take jurisdiction of this matter;

2.  Grant trial by jury as to all matters properly triable to a jury;

3.  Instruct the Clerk of Court to issue summons that are attached herein;

4.  Issue a Declaratory Judgment that Defendants' acts, policies, practices, and procedures complained about herein violated Plaintiff's rights as secured by the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Georgia;

5.  Order Defendants to make Plaintiff whole by providing for her total lost pay plus interest under Counts I through IV;

6.  Grant Plaintiff liquidated damages under the FLSA in an amount equak to the sum of his lsot wages, including overtime pay;

7.  Issue an order finding that Defendants violated sections 215 and 216 of the FLSA;

8.  Award judgment in favor of Plaintiff, against Defendants, jointly and severally, for unpaid wages and unpaid overtime compensation together with liquidated damages in an equal amount;

9.  Award Plaintiff prejudgment interest from Defendants, jointly and severally, on all amounts owed to the extent that liquidated damages are not awarded;

10. Award Plaintiff nominal damages;

11. Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiff against all Defendants, jointly and severally for reasonable attorney fees;

12. Judgment in favor of Plaintiff against Defendants, jointly and severally, for all taxable and non-taxable costs;

13. Pursuant to the Seventh Amendment of the United States Constitution and Rule 38, Fed. R. Civ. P., TRIAL BY JURY on all claims on which a jury is available; AND

14. Award such other, further and different relief as this Court deems appropriate and proper.


Respectfully submitted this 2nd day of February, 2023.

/s/ *Beverly A. Lucas*

Beverly A. Lucas
Georgia Bar No. 427692
**LUCAS & LEON, LLC**
P.O. Box 752
Clarkesville, Georgia 30523
beverly@lucasandleon.com

Attorney for Charnae Jones

## **CERTIFICATION**

I do hereby certify that this document has been prepared in Times Roman font,

14 point, in compliance with LR 5.1(C) of this Court.


*/s/ Beverly Lucas*
Beverly Lucas