# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| CHARNAE JONES,<br>　　　　Plaintiff,<br><br>v.<br>PROVISTA DIAGNOSTICS, INC.,<br>And TODOS MEDICAL, LTD<br><br><br>　　　　Defendants. | CIVIL ACTION NO.<br>1:22-cv-05134-MLB<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' MOTION AND MEMORANDUM
## FOR RECONSIDERAION

Plaintiff files her Motion and Memorandum for Reconsideration of the Court's Dismissal of this action as follows:

RELEVANT FACTS

1.　　On December 23, 2024, after hearing and considering the evidence on Plaintiff's Motion for Contempt Against Defendant, the Court HELD Defendants in Contempt and in its ORDER (Doc. 42) instructed Plaintiff to file a Motion Seeking an Additional Sanction. The Court further GRANTED Plaintiff an additional 45 days of discovery for the purpose of uncovering Defendants' ability

to pay additional amounts for their failure to comply with the Court's October 24, 2024 ORDER.

2.      Plaintiff's counsel wrote Plaintiff's Motion for Sanctions against Defendants attached herein as Plaintiff's Exhibit "A."

3.      Plaintiff's counsel believed that the attached motion had been filed with the Court.

4.      After this Court's Dismissal of the action, Plaintiff's counsel searched the Court docket for evidence that the attached motion had been filed. Plaintiff's counsel found no evidence that the motion was filed into this case. Plaintiff's counsel did find Defendant counsel's renewed Motion to Withdraw, an additional Motion to Withdraw by another of Defendant's counsel on the docket, the Court's denial of such and several minute notations indicating "Submission to District Judge."

5.      Plaintiff's counsel completely missed any Court Order for Plaintiff. For this, Plaintiff's counsel offers to the Court a heartfelt apology. Plaintiff's counsel has never and would never intentionally ignore an Order by the Court.

6.      While waiting for the Court's response to Plaintiff's Motion for Additional

Sanctions that Plaintiff's counsel believed was filed, Plaintiff's counsel located an

address for the owner/CEO/Manager of Defendants. (See Exhibit "B")

7.      Plaintiff's counsel set up a deposition for Defendants, and propounded

additional written discovery Interrogatories, Requests for Admissions, Requests

for Production.

8.      Defendants were served by submitting a copy of written discovery and

Notice of Deposition to Defendants' counsel.

9.      Service was intentionally avoided by Defendants as a process server made

attempts to serve Defendants with the documents personally at Defendants' former

CEO/Manager/Owner's abode. (See Exhibit "C")

10.     Defendants did not acknowledge receipt of discovery and did not attend the

deposition.

11.     Instead, counsel for Defendants responded to Plaintiff with the attached

responses to written discovery as Exhibit "D."

## II.      ARGUMENT AND CITATION TO AUTHORITY

### A. Reconsideration by the Court is Proper.

"The courts of the United States possess inherent equitable powers over their process to prevent abuse, oppression, and injustice…" Gumbel v. Pitkin, 124 U.S. 131 (188); Covell v. Heyman, 111 U.S. 176 (1884); Buck v. Colbath, 70 U.S. (3 Wall.) 334 (1866).

"Parties should not file motions for reconsideration 'as a matter of routine, practice,' but only when 'absolutely necessary.'" Lattimore v. Wells Fargo Bank, N.A., 2014 WL 11858150; U.S. Dist. Court, N.D., Atlanta Division (May 6, 2014); N.D. Ga. Local R. 7.2(E) (2001). "Reconsideration is absolutely necessary where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Jersawitz v. People TV, 71 F. Supp. 2d 1330 (N. D. Ga. 1999) "Generally, there are 'three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.'" Skyline Steel, LLC v. Fields & Company, Inc., No. 6:15-cv-528-Orl-41KRS, 2016 WL 9049319, *1 (M.D. Fla. May 9, 2016).

In this case, there is not intervening change in controlling law. There is no new evidence. There were errors in need of correction. The errors in need of correction is that of Plaintiff's counsel. Plaintiff's counsel did not and would not

intentionally disregard the Court's Order. Instead, Plaintiff's counsel, believing that the Motion had been filed, inadvertently failed to file a Motion for Sanctions Against Defendants (attached as Exhibit "A") into this case. Plaintiff's counsel believed that she was waiting on the Court to respond to her Motion for Sanctions Against Defendants. (filed contemporaneously with this Motion for Reconsideration as Exhibit "A.") Plaintiff's counsel files this Motion for Reconsideration in an attempt to avoid manifest injustice against Plaintiff. There were additional entries into the docket that simply stated "Submission to District Judge." The entries to the docket did not state "Order" until the Court Ordered this case dismissed on June 13, 2025. Because of this, Plaintiff's counsel was not alerted to the errors until the Court Dismissed the case.

### B. Motion for Reconsideration is Timely Filed with this Court.

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Id.

The Court dismissed this case on June 13, 2024. This Motion for Reconsideration is filed within 28 days of the Court's Order of Dismissal and is therefore timely filed.

### C. Defendants have Failed to Show Cause as to Why Sanctions Should not be Granted Against them and in Favor of Plaintiff.

Defendants were Ordered to show cause as to why they should not be held in Contempt by the Court and the Court held a hearing on December 19, 2024 for this purpose. [Doc 42] Defendants made a claim to the Court that Defendants were unable to pay the amount owed due to liquidation by the Defendants. During said hearing, Plaintiff was GRANTED 45 days to conduct discovery on Defendants' ability to pay. In view that Gerald Commissiong was the CEO, Manager and Owner of both entities at the time of default, Plaintiff located and attempted to conduct discovery with Mr. Commissiong. (See Exhibit "B" and "C")[1]

Because Defendants' counsel was still representing Defendants, Plaintiff propounded written discovery on Defendants' counsel and attempted to serve same personally on Mr. Commissioning at his place of residence. Plaintiff also provided to Defendants' counsel Plaintiff's Notice of Deposition to Defendants. Attached is Defendants' responses to discovery written by Defendants' counsel (Exhibit "D") Exhibit "C" attached hereto is the Pennsylvania process server's record of attempts to serve Gerald Commissiong with written discovery and Plaintiff's Notice of Deposition to Defendants. While Defendants' counsel has filed an answer to written discovery, Defendants' counsel did so without consultation with

---

[1] Gerald Commissiong was the CEO, Manager and owner of Todos and Provista as evidenced by the attached SEC filings. See Exhibit "E." Commissiong used his shares of Amaranthus to purchase shares of TODOS.

Defendants. Defendants themselves did not respond to written discovery and did not attend the scheduled deposition.

Although Defendants' counsel has repeatedly stated that Defendants could not afford to pay the settlement amount that they agreed to pay, Defendants have not come forward to prove such. And due to Defendants' counsel claims that they have lost touch with Defendants, Defendants' counsel also cannot and have not proven such. Therefore, a sanction against Defendants is proper in this case.

WHEREFORE Plaintiff prays for the Court's forgiveness of Counsel's oversight and respectfully requests that the Court: (1) Reinstate this action; and (2) Enter an appropriate sanction resulting from Defendants' contempt.

This 24th day of June 2025.

_/s/ Beverly A. Lucas_
Beverly A. Lucas
Georgia Bar No. 427692

Lucas & Leon, LLC
P.O. Box 752
Clarkesville, Georgia 30523
T: (706) 752-2001
F: (706) 752-8085
beverly@lucasandleon.com

_Attorney for Plaintiff_

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHARNAE JONES,<br>Plaintiff,<br><br>v.<br>PROVISTA DIAGNOSTICS, INC.,<br>TODOS MEDICAL, LTD and<br>Defendants. | CIVIL ACTION NO.<br>1:22-cv-05134-MLB<br><br><br>JURY TRIAL DEMANDED |

## <u>CERTIFICATE OF FONT COMPLIANCE AND</u>
## <u>CERTIFICATE OF SERVICE</u>

In accordance with Local Rule 7.1D, I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, it was prepared with Times New Roman, 14 point.

I further certify that I electronically filed the foregoing PLAINTIFF'S MOTION FOR RECONSIDERATION with the Clerk of Court using the CM/ECF system which will automatically notify Defendants' counsel by electronic mail which will automatically send email or other notification of such filing to the following attorneys of record:

Ian E. Smith                             Whitney M. Dupree
Ian@spirelawfirm.com          whitney@spirelawfirm

This 24th day of June 2025.

/s/ *Beverly A. Lucas*
Beverly A. Lucas
Georgia Bar No.: 427692