# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARNAE JONES,<br>    Plaintiff,<br><br>v.<br>PROVISTA DIAGNOSTICS, INC.,<br>And TODOS MEDICAL, LTD<br><br><br>Defendants. | CIVIL ACTION NO.<br>1:22-cv-05134-MLB<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION AND MEMORANDUM
FOR SANCTIONS AS REMEDY FOR DEFENDANT'S CONTEMPT**

Plaintiff files her Motion and Memorandum for Sanctions as Remedy for Defendants' Contempt from Defendants' failure to pay Plaintiff in accordance with this Court's April 15, 2024 approval of the Fair Labor Standards Act ("FLSA") settlement agreement in this case and from Defendants' failure to pay in accordance with the Court's October 24, 2024 Order directing Defendants to pay by November 14, 2024 or to *Show Cause* by November 21, 2024 as to why Defendants should not be held in Contempt. (Doc. 39) Defendants have failed to

- 1 -

pay to Plaintiff in any amount. Defendants have failed to *Show Cause* as to why they should not be held in Contempt by this Court.

RELEVANT FACTS

1. This case was filed on December 29, 2022 [Doc. 1]
2. The parties engaged in negotiations and made an agreement to end the litigation in exchange for payment.
3. The parties memorialized their agreement and filed a Joint Motion to Approve Settlement on October 20, 2023.
4. The Court approved the settlement on April 15, 2024 and terminated the case but retained jurisdiction for the purposes of enforcing the Settlement Agreement.
5. The Settlement Agreement [Doc. 27-1] states that payment was to be made no later than 30 days after Court approval of the Settlement Agreement. Therefore, payment was due no later than May 15, 2023. Payment was not tendered and Defendants breached the agreement.
6. The Settlement Agreement further calls for a 10% per day penalty for each day that the funds remained unpaid.

7.  This Court retains jurisdiction to enforce the settlement agreement since "a breach of the agreement would be a violation of the order." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994).

8.  Defendants have violated the Court's Order by refusing to make payment to Plaintiff or *Show Cause* as to why they should be held in Contempt.

9.  On December 23, 2024, after hearing and considering the evidence, the Court HELD Defendants in Contempt and in its ORDER (Doc. 42) instructed Plaintiff to file a Motion Seeking an Additional Sanction. The Court further GRANTED Plaintiff an additional 45 days of discovery for the purpose of uncovering Defendants' ability to pay additional amounts for their failure to comply with the Court's October 24, 2024 ORDER.

10. Because Defendants have been stubbornly litigious and caused the Plaintiffs' unnecessary trouble and expense, Plaintiffs request that their attorney's fees for having to prepare this motion be paid by Defendants.

## II.   ARGUMENT AND CITATION TO AUTHORITY

### A. The Court Possesses Broad Discretion in Fashioning a Contempt Sanction.

"The party seeking contempt bears the initial burden, by clear and convincing evidence, a willful disregard for the authority of the court through failure to comply with a court order" Ga. Power Co. v. NLRB 484 F.3d 1288, 1291 (11th Cir. 2007). "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; (30 the alleged violator had the ability to comply with the order." Ga. Power Co., 484 F.3d at 1291.

Once the moving party makes a *prima facie* showing that the court order was violated, the burden of production shifts to the alleged contemnor to show a present inability to comply that goes beyond a mere assertion in inability[.] Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990)

Once a party is found in contempt, "A court has broad discretion in fashioning a contempt sanction." FN Herstal, S.A. v. Clyde Armory, Inc., Civil Case No. 3:12-cv-00102 ,18 (M.D. Ga. Sept, 27, 2016). And the Court of Appeals reviews the grant or denial of a motion for civil contempt under an abuse of

- 4 -

discretion standard. McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir, 2000) The sanction can be either coercive or compensatory, intended to make the injured party whole from the losses and the expenses incurred as a result of the contemptor's actions or inactions. Id.

In this case, the Court has found Defendants in Contempt. The Court GRANTED Plaintiff 45 days of discovery in an effort to fashion an appropriate remedy for Defendant's contempt. As part of the original Settlement Agreement, the parties agreed to a monetary sanction of 10 % per day that Defendants remained in default. Defendants failed to pay the agreed settlement amount after the period of time set out in the Settlement Agreement for cure of its Default on or after May 25, 2024. There is no sanction specified in the agreement for Defendants' contempt. Defendant has still not paid the agreed upon amount or any amount and has made no attempts to rectify its Default. According to its counsel, Defendants have ceased communication with its counsel and thus with this Court. This Court found Defendant in Contempt on December 23, 2024. Plaintiff asks that she be granted 10% per day on the amount already granted to Plaintiff by the Court or $5,625.00 as a sanction for Defendants' Contempt and in order to make Plaintiff whole.

## B. <u>Plaintiff's Attorneys' Fees and Costs</u> (Acted in bad faith)

"An award of attorneys' fees is an appropriate sanction response for civil contempt." <u>Hubbard/Downing, Inc. v. Kevin Heath Enters.</u>, 1:10-cv-1131-WSD (N.D. Ga. Jan. 6, 2014) (*Citing* <u>Shaefer Fan v. J&D Mfg.</u>, 265 F.3d 1283, 1290 (Fed. Cir. 2001). "A willfulness is not a prerequisite to awarding attorneys' fees in a civil contempt action." <u>Id</u>. (*Citing* <u>Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.</u>, 793 F.2d 1529, 1535-36 (11th Cir. 1986).)

Since Defendants refused to honor the Settlement Agreement, Plaintiff was forced to file a motion enforcing the agreement. When Defendants further refused to respond to the Court's Order and failed to *show cause* as to why Defendants should not be held in contempt, Plaintiff verbally petitioned the Court for sanctions. The Court Ordered Plaintiff to file this Motion for Sanctions. As a result, Plaintiff has incurred additional attorney fees.

WHEREFORE Plaintiff respectfully requests that the Court: (1) Order Defendants to pay additional attorney's fees for attorney's attendance at the hearing for contempt and for the preparation of this motion; (2) enter a sanction resulting from Defendants' contempt as a result of its failure to *show cause* as to why Defendants should not be held in contempt.

This 29th day of December 2024.

/s/ *Beverly A. Lucas*
Beverly A. Lucas
Georgia Bar No. 427692

Lucas & Leon, LLC
P.O. Box 752
Clarkesville, Georgia 30523
T: (706) 752-2001
F: (706) 752-8085
beverly@lucasandleon.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHARNAE JONES,<br>Plaintiff,<br><br>v.<br><br>PROVISTA DIAGNOSTICS, INC.,<br>TODOS MEDICAL, LTD and<br>Defendants. | CIVIL ACTION NO.<br>1:22-cv-05134-MLB<br><br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF FONT COMPLIANCE AND CERTIFICATE OF SERVICE

In accordance with Local Rule 7.1D, I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, it was prepared with Times New Roman, 14 point.

I further certify that I electronically filed the foregoing PLAINTIFF'S MOTION FOR SANCTION AS A REMEDY FOR CONTEMPT BY DEFENDANTS AND FOR AN AWARD OF ATTORNEY'S FEES with the Clerk of Court using the CM/ECF system which will automatically notify Defendants' counsel by electronic mail which will automatically send email or other notification of such filing to the following attorneys of record:

Ian E. Smith                                         Whitney M. Dupree

Ian@spirelawfirm.com                    whitney@spirelawfirm

This 29th day of December 2024.

/s/ Beverly A. Lucas
Beverly A. Lucas
Georgia Bar No.: 427692