# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| CHARNAE JONES<br><br>        Plaintiff,<br><br>v.<br><br>PROVISTA DIAGNOSTICS, INC.,<br>TODOS MEDICAL, LTD<br><br>        Defendants. | CIVIL ACTION NO.<br>1:22-CV-05134-MLB<br><br><br>JURY TRIAL DEMANDED |

## RESPONSES TO INTERROGATORIES FROM JUDGMENT CREDIT DEBTOR TO JUDGMENT DEBTOR

**PLEASE TAKE NOTICE** that Defendants, Provista Diagnostics, Inc., and Todas Medical, LTD., ("Defendants"), hereby answers the Plaintiff's First Set of Interrogatories ("Interrogatories") as stated below.

Dated this 10th day of February, 2025.

Respectfully submitted,
SPIRE LAW, LLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

By:    /s/ Ian E. Smith
        Ian E. Smith, Esq.
        Georgia Bar No. 661492
        ian@spirelawfirm.com
        sarah@spirelawfirm.com
        filings@spirelawfirm.com
        *Attorney for Defendant*

1

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on this 10th day of February, 2025, I served the foregoing upon counsel for Plaintiff via email:

     Beverly Lucas, Esq.
     LUCAS & LEON, LLC
     Post Office Box 752
     Clarkesville, Georgia 30523
     706-754-2001
     beverly@lucasandleon.com

                         */s/ Ian E. Smith*
                         Attorney

www.spirelawfirm.com
Employment Attorneys

## **INTERROGATORIES**

1.      State all names by which you go by or have gone by at any time.

RESPONSE:  Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B).  Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

2.      List the addresses where you reside or live temporarily, all telephone numbers that you use at any time and the carrier, and all email addresses that you use or have used at any time over the last 10 years.

RESPONSE:  Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B).  Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

3.      Describe and state the location of each piece of real estate in which you own any interest.

3

RESPONSE: Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B). Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

4.    List the year, make, model and tag number of all vehicles that you own or drive and to whom you are making payments if any.

RESPONSE: Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B). Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

5.    List the names, addresses, phone numbers, and description of the nature of any business venture in which you own any interest and the year the interest was acquired, the date when the interest was disposed of and to whom and the method by which such disposal occurred.

RESPONSE: Defendants Provista Diagnostics Inc. and Todos Medical LTD

4

object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B). Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

6.    State the full name, address and telephone number of all your employers or businesses during 2019-2025 and state the nature and name of your present employment.

RESPONSE: Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B). Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

7.    Identify each person or entity for whom you performed services during 2019-2025 and state the amount you were paid for the services or the amount you are owed for the services.

RESPONSE: Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief,

www.spirelawfirm.com
Employment Attorneys

neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B). Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

8.    Do you have any interest in any other corporation, company, partnership, or trust? If so, state the nature of the interest, name and address of each such corporation, company, partnership, or trust, and include the names, addresses and telephone numbers of all shareholders, partners, settlors, trust protectors, trustees, and beneficiaries.

RESPONSE: Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B). Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD. .

9.    Please list each bank account, including but not limited to, each checking account, savings account, certificates of deposit, safety deposit box that Provista, TODOS, Gerald Commissiong, Daniel Hirsch held in 2022-2024; the

name(s) listed on the accounts, the name and address of each bank where the account was/is held; the account number of each.

RESPONSE: Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B).  Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

10.    List every entity that owes/owed money from 2022 through 2024 to TODOS, Provista, Gerald Commissiong or Daniel Hirsch; the amount of the debt; contact information for each debtor.

RESPONSE: Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B).  Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

7

11.    List each entity/individual to whom TODOS, Provista, Gerald Commissiong or Daniel Hirsch owes money/stock/other renumeration; the amount of the debt; contact information for each creditor.

RESPONSE: Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B).  Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

12.    List the federal and state tax identification numbers (including the DOL identification number) and the social security numbers for Gerald Commissiong and Daniel Hirsch.

RESPONSE:  Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B).  Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

www.spirelawfirm.com
Employment Attorneys

13.    List each entity and each individual having any type of direct or indirect ownership interest in TODOS Medical, Provista Diagnostics, and TOLLO Health, the nature of the interest, the date that the interest was acquired, the current status of the interest.

RESPONSE:  Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B).  Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

14.    List and give the location of all items of personal property owned by you that have a value of more than $100.00.

RESPONSE:  Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B).  Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

9

15.    List the names, account numbers, addresses, and phone numbers of all persons to whom you owe money. (List all creditors)

RESPONSE:  Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B).  Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

16.    State the current legal name for the entity advertised as TOLLO Health, its company structure, the state(s) in which the company is registered to do business, and the year the registration occurred.

RESPONSE:  Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B).  Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

17.    State the historical ownership of the technology behind the active ingredients/technology behind the substance, Tollovid.

10

RESPONSE:  Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B).  Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

18.    Explain    how    TOLLO    Health    has    acquired    the    active ingredients/technology behind Tollovid.

RESPONSE:  Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Interrogatories because, to the best of undersigned counsel's belief, neither entity exists in any form and has no officer or agent who can verify its responses, as required by Fed. R. Civ. P. 33(b)(1)(B).  Moreover, Defendants object to the extent the Interrogatory is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.

www.spirelawfirm.com
Employment Attorneys

## VERIFICATION OF DEFENDANT'S REPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

      I declare under penalty of perjury under the laws of the United States of America that the foregoing Answers to Interrogatories are true and correct to the best of my knowledge.

**N/A**
_____
(Signature of Person Answering Interrogatories)


_____
(Print Name)


_____
(Date)

**As to objections:**

_/s/  Ian E. Smith_
Ian E. Smith
Georgia Bar No.  661492

12

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHARNAE JONES<br><br>       Plaintiff,<br><br>v.<br><br>PROVISTA DIAGNOSTICS, INC.,<br>and TODOS MEDICAL, LTD,<br><br>       Defendants. | CIVIL ACTION NO.<br>1:22-CV-05134-MLB<br><br><br>JURY TRIAL DEMANDED |

### DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendants, Provista Diagnostics, Inc., and Todos Medical, LTD ("Defendants"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 36, hereby respond to Plaintiff Charnae Jones' First Request for Admission to Defendants submits the following in response:

### RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1. Admit that Gerald Commissiong held the position of Chief Executive Officer of TODOS Medical, LTD.

   **Response:** Defendants Provista Diagnostics Inc. and Todos Medical LTD are, to the best of undersigned counsel's knowledge and belief, no longer in

1

business or exist in any form.  Accordingly, this Response is the product of information either (1) found in counsel's records obtained prior to March or April 2024 when counsel lost contact with Defendants or (2) obtained through public sources.  Moreover, Defendants object to the extent this request is propounded on entities or individuals other than Provista Diagnostics, Inc. or Todos Medical LTD.  Subject to the foregoing, Defendants admit this Request.

2. Admit that Daniel Hirsch held the position of Chief Financial Officer of Todos Medical, LTD in the year 2022.

**<u>Response:</u>**

Defendants Provista Diagnostics Inc. and Todos Medical LTD are, to the best of undersigned counsel's knowledge and belief, no longer in business or exist in any form.  Accordingly, this Response is the product of information either (1) found in counsel's records obtained prior to March or April 2024 when counsel lost contact with Defendants or (2) obtained through public sources.  Moreover, Defendants object to the extent this request is propounded on entities or individuals other than Provista Diagnostics, Inc. or Todos Medical LTD.  Subject to the foregoing, Defendants admit that Daniel Hirsch held the position of Chief Financial Officer of Todos Medical LTD.

2

3. Admit that Gerald Commissiong directed payments to be made during 2022-2023.

**Response:** Defendants Provista Diagnostics Inc. and Todos Medical LTD are no longer and, to the best of undersigned counsel's knowledge and belief, are no longer in business or exist in any form.  Accordingly, this Response is the product of information either (1) found in counsel's records obtained prior to March or April 2024 when counsel lost contact with Defendants or (2) obtained through public sources.  Moreover, Defendants object to the extent this request is propounded on entities or individuals other than Provista Diagnostics, Inc. or Todos Medical LTD.   Finally, Defendants object to the the expression "directed payments" as vague and ambiguous.  Subject to the foregoing, and pursuant to Fed. R. Civ. P. 36(a)(4), Defendants lack sufficient information to admit or deny this Request.

4. Admit that Gerald Commissiong directed for certain payments to not be made during 2022-2023.

**Response:** Defendants Provista Diagnostics Inc. and Todos Medical LTD are, to the best of undersigned counsel's knowledge and belief, no longer in business or exist in any form.  Accordingly, this Response is the product of

3

information either (1) found in counsel's records obtained prior to March or

April 2024 when counsel lost contact with Defendants or (2) obtained

through public sources.  Moreover, Defendants object to the extent this

request is propounded on entities or individuals other than Provista

Diagnostics, Inc. or Todos Medical LTD.  Subject to the foregoing, and

pursuant to Fed. R. Civ. P. 36(a)(4), Defendants lack sufficient information

to admit or deny this Request.

5. Admit that Gerald Commissiong directed that payment of wages were not to

be made to Plaintiff for any period in 2022-2023.

**Response:**  Defendants Provista Diagnostics Inc. and Todos Medical LTD

are, to the best of undersigned counsel's knowledge and belief, no longer in

business or exist in any form.  Accordingly, this Response is the product of

information either (1) found in counsel's records obtained prior to March or

April 2024 when counsel lost contact with Defendants or (2) obtained through

public sources.  Moreover, Defendants object to the extent this request is

propounded on entities or individuals other than Provista Diagnostics, Inc. or

Todos Medical LTD.  Subject to the foregoing, and pursuant to Fed. R. Civ.

P. 36(a)(4), Defendants lack sufficient information to admit or deny this

Request.

4

6. Admit that Gerald Commissiong has refused to communicate with counsel in this case during the years of 2023-2024.

**Response:**  Defendants Provista Diagnostics Inc. and Todos Medical LTD are, to the best of undersigned counsel's knowledge and belief, no longer in business or exist in any form.  Accordingly, this Response is the product of information either (1) found in counsel's records obtained prior to March or April 2024 when counsel lost contact with Defendants or (2) obtained through public sources.  Moreover, Defendants object to the extent this request is propounded on entities or individuals other than Provista Diagnostics, Inc. or Todos Medical LTD.  Finally, Defendants object to this Request as vague and ambiguous because it is not clear by "Gerald Commissiong has refused to communicate with counsel."  Subject to the foregoing, Defendants lack sufficient information to admit or deny whether Commissiong has refused to communicate with counsel at some point during the years of 2023 and 2024. In further response, Defendants admit that there were periods of time in which counsel has been unable to contact Gerald Commissiong.

7. Admit that Gerald Commissiong possessed or currently possesses ownership directly or indirectly in TODOS Medical, LTD.

5

**Response:**  Defendants Provista Diagnostics Inc. and Todos Medical LTD
are, to the best of undersigned counsel's knowledge and belief, no longer in
business or exist in any form.  Accordingly, this Response is the product of
information either (1) found in counsel's records obtained prior to March or
April 2024 when counsel lost contact with Defendants or (2) obtained through
public sources.  Moreover, Defendants object to the extent this request is
propounded on entities or individuals other than Provista Diagnostics, Inc. or
Todos Medical LTD.  Subject to the foregoing, Defendants admit that Gerald
Commissiong, at some point, owned shares in Todos Medical LTD.

8. Admit that Gerald Commissiong possessed or currently possesses ownership
   directly or indirectly in Provista Medical, Inc.

   **Response:**  Defendants Provista Diagnostics Inc. and Todos Medical LTD
   are, to the best of undersigned counsel's knowledge and belief, no longer in
   business or exist in any form.  Accordingly, this Response is the product of
   information either (1) found in counsel's records obtained prior to March or
   April 2024 when counsel lost contact with Defendants or (2) obtained
   through public sources.  Moreover, Defendants object to the extent this
   request is propounded on entities or individuals other than Provista
   Diagnostics, Inc. or Todos Medical LTD.  Subject to the foregoing, and

6

pursuant to Fed. R. Civ. P. 36(a)(4), Defendants lack sufficient information to admit or deny this Request.

9. Admit that Tollovid was a product sold by Defendant TODOS.

**Response:**  Defendants Provista Diagnostics Inc. and Todos Medical LTD are, to the best of undersigned counsel's knowledge and belief, no longer in business or exist in any form.  Accordingly, this Response is the product of information either (1) found in counsel's records obtained prior to March or April 2024 when counsel lost contact with Defendants or (2) obtained through public sources.  Moreover, Defendants object to the extent this request is propounded on entities or individuals other than Provista Diagnostics, Inc. or Todos Medical LTD.  Subject to the foregoing, Defendants admits this Request.

10. Admit that the same technology/formula used in Tollovid is currently being used in the new company TOLLO Medical.

**Response:**  Defendants Provista Diagnostics Inc. and Todos Medical LTD are, to the best of undersigned counsel's knowledge and belief, no longer in business or exist in any form.  Accordingly, this Response is the product of information either (1) found in counsel's records obtained prior to March or April 2024 when counsel lost contact with Defendants or (2) obtained through

7

public sources. Moreover, Defendants object to the extent this request is propounded on entities or individuals other than Provista Diagnostics, Inc. or Todos Medical LTD. Subject to the foregoing, and pursuant to Fed. R. Civ. P. 36(a)(4), Defendants lack sufficient information to admit or deny this Request.

11. Admit that Gerald Commissiong has some degree of ownership directly or indirectly in the new company, TOLLO Medical.

**Response:** Defendants Provista Diagnostics Inc. and Todos Medical LTD are, to the best of undersigned counsel's knowledge and belief, no longer in business or exist in any form. Accordingly, this Response is the product of information either (1) found in counsel's records obtained prior to March or April 2024 when counsel lost contact with Defendants or (2) obtained through public sources. Moreover, Defendants object to the extent this request is propounded on entities or individuals other than Provista Diagnostics, Inc. or Todos Medical LTD. Subject to the foregoing, and pursuant to Fed. R. Civ. P. 36(a)(4), Defendants lack sufficient information to admit or deny this Request.

12. Admit that Gerald Commissiong has/had some degree of control directly or indirectly in the new company, TOLLO Medical.

8

**Response:**  Defendants Provista Diagnostics Inc. and Todos Medical LTD

are, to the best of undersigned counsel's knowledge and belief, no longer in

business or exist in any form.  Accordingly, this Response is the product of

information either (1) found in counsel's records obtained prior to March or

April 2024 when counsel lost contact with Defendants or (2) obtained through

public sources.  Moreover, Defendants object to the extent this request is

propounded on entities or individuals other than Provista Diagnostics, Inc. or

Todos Medical LTD.  Subject to the foregoing, and pursuant to Fed. R. Civ.

P. 36(a)(4), Defendants lack sufficient information to admit or deny this

Request.

Dated this 10th day of February, 2025.

Respectfully submitted,
SPIRE LAW, LLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

By:    /s/ *Ian E. Smith*
Ian E. Smith, Esq.
Georgia Bar No. 661492
ian@spirelawfirm.com
sarah@spirelawfirm.com
filings@spirelawfirm.com
*Attorney for Defendants*

9

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on this 10th day of February, 2025, I served electronically, the foregoing upon counsel for Plaintiff:

Beverly Lucas, Esq.
LUCAS & LEON, LLC
Post Office Box 752
Clarkesville, Georgia 30523
706-754-2001
beverly@lucasandleon.com

*Ian E. Smith*
Attorney

www.spirelawfirm.com
Employment Attorneys

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| CHARNAE JONES<br><br>        Plaintiff,<br><br>v.<br><br>PROVISTA DIAGNOSTICS, INC.,<br>and TODOS MEDICAL, LTD,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:22-CV-05134-MLB<br><br><br>JURY TRIAL DEMANDED |

## JUDGMENT DEBTOR RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, Provista Diagnostics, Inc., and Todos Medical, LTD., ("Defendants"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 34, hereby respond to the Request for Production. Defendants will produce responsive documents referenced below at a mutually agreeable time within 21 days after the date of their written responses and objections.

Dated this 10th day of February, 2025.

Respectfully submitted,

SPIRE LAW, LLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

1

By:  /s/ Ian E. Smith
Ian E. Smith, Esq.
Georgia Bar No. 661492
ian@spirelawfirm.com
sarah@spirelawfirm.com
filings@spirelawfirm.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2025, I served the foregoing upon counsel for Plaintiff via email:

Beverly Lucas, Esq.
LUCAS & LEON, LLC
Post Office Box 752
Clarkesville, Georgia 30523
706-754-2001
beverly@lucasandleon.com

/s/ Ian E. Smith
Attorney

2

## RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

1. Provide all documents filed with SEC regarding TODOS Medical, LTD, Provista Medical, Inc., TOLLO Health, and any companies that have merged with these companies or given/transferred as payment for shares in either of these companies.

**RESPONSE: Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Requests because, to the best of undersigned counsel's knowledge and belief, neither entity exists in any form and has no officer, agent, or custodian of record who can provide responsive documents, if any. Moreover, Defendants object to the extent the Request is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD. Subject to and without waiving the foregoing objections, Defendants will conduct a search of records within their counsel's files and will produce non-privileged documents, which may be responsive to this Request.**

2. Provide all documents filed as tax returns, and any documents filed to any and all state or federal entities by you including but not limited to Department of Labor, Georgia Secretary of State, Department of Health, U.S. Patent Office, and The Food and Drug Administration.

3

**RESPONSE: Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Requests because, to the best of undersigned counsel's knowledge and belief, neither entity exists in any form and has no officer, agent, or custodian of record who can provide responsive documents, if any. Moreover, Defendants object to the extent the Request is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD. Subject to and without waiving the foregoing objections, Defendants will conduct a search of records within their counsel's files and will produce non-privileged documents, which may be responsive to this Request.**

3. Provide all documents filed in support of any liquidation actions of TODOS Medical, LTD/Provista Diagnostics, Inc. made in any court in Isreal or in the United States of America, complete with a certified translation to English.

**RESPONSE: Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Requests because, to the best of undersigned counsel's knowledge and belief, neither entity exists in any form and has no officer, agent, or custodian of record who can provide responsive documents, if any. Moreover, Defendants object to the extent the Request is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical**

4

**LTD. Subject to and without waiving the foregoing objections, Defendants will conduct a search of records within their counsel's files and will produce non-privileged documents, which may be responsive to this Request.**

4. Provide all documents concerning TODOs Medical, Provista Diagnostics or any company having ownership, directly or indirectly of same, filed to any governmental department or any judicial entity in Isreal or the United States of America complete with certified translation to English.

**RESPONSE: Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Requests because, to the best of undersigned counsel's knowledge and belief, neither entity exists in any form and has no officer, agent, or custodian of record who can provide responsive documents, if any. Moreover, Defendants object to the extent the Request is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD. Subject to and without waiving the foregoing objections, Defendants will conduct a search of records within their counsel's files and will produce non-privileged documents, which may be responsive to this Request.**

5

5. Provide all bank statements including all transactions made to and from TODOS Medical, LTD, Provista Medical, Inc., personal accounts of Gerald Commissiong (CEO) and Daniel Hirsch (CFO).

**RESPONSE: Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Requests because, to the best of undersigned counsel's knowledge and belief, neither entity exists in any form and has no officer, agent, or custodian of record who can provide responsive documents, if any. Moreover, Defendants object to the extent the Request is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.   Subject to and without waiving the foregoing objections, Defendants will conduct a search of records within their counsel's files and will produce non-privileged documents, which may be responsive to this Request.**

6. Provide all documents showing all funds in any form transferred to or from TODOS Medical, LTD, Provista Diagnostics, Inc. or any company associated with either to or from Gerald Commissiong and Daniel Hirsch.

**RESPONSE:  Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Requests because, to the best of undersigned counsel's knowledge and belief, neither entity exists in any form and has no officer, agent,**

6

or custodian of record who can provide responsive documents, if any. Moreover, Defendants object to the extent the Request is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.    Subject to and without waiving the foregoing objections, Defendants will conduct a search of records within their counsel's files and will produce non-privileged documents, which may be responsive to this Request.

7.  Provide any and all documents showing any payments or transfers of funds of any kind to Spire Law, Ian Smith, Whitney Dupree or any other lawyer or law firm during the years 2021-2024 by any method.

RESPONSE:  Defendants Provista Diagnostics Inc. and Todos Medical LTD object to these Requests because, to the best of undersigned counsel's knowledge and belief, neither entity exists in any form and has no officer, agent, or custodian of record who can provide responsive documents, if any. Moreover, Defendants object to the extent the Request is propounded on any entity or individual other than Provista Diagnostics, Inc. or Todos Medical LTD.    Subject to and without waiving the foregoing objections, Defendants will conduct a search of records within their counsel's files and will produce non-privileged documents, which may be responsive to this Request.

7

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHARNAE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:22-cv-05134-MLB |
| | ) | |
| v. | ) | |
| | ) | |
| PROVISTA DIAGNOSTICS, INC., | ) | |
| TODOS MEDICAL, LTD, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEPOSITION NOTICE PURSUANT TO RULE 69 AND
THE COURT'S ORDER</u>**

**TO:** Provista Diagnostics, Inc., TODOS Medical, LTD., and
Gerald Commissiong
2264 Raleigh Road, Hummelstown, PA. 17036

**YOU ARE HEREBY NOTIFIED** that on the **28th day of February 2025
at 10:00 a.m. EST,** counsel for Plaintiffs will proceed to take the deposition of a
representative(s) of Gerald Commissiong upon oral examination, and videotaped
pursuant to Rule 69 of the Federal Rules of Civil Procedure and by Order of the
Court. The deposition will be taken by remote teleconference and can be done in

front of a computer at the physical location of The Hilton Garden Inn, 3943 TecPort Drive, Harrisburg, PA. 17111.

The oral examination will be taken before a certified court reporter or other officer duly authorized by law to administer oaths, recorded by stenographic means and may be audio recorded or videotaped. The oath will be made outside the presence of the deponent. This deposition will be taken upon oral examination for the purpose of discovery, for use at trial, and for all purposes permitted under all applicable laws and governing rules. The oral examination may continue from day to day until its completion.

## CERTIFICATE OF FONT COMPLIANCE REQUIRED BY LOCAL RULE 7.1D AND SERVICE

In accordance with Local Rule 7.1D, I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, it was prepared with Times New Roman, 14 point.

I further certify that I electronically filed **NOTICE OF RULE 69 DEPOSITION AND BY ORDER OF THE COURT** with the Clerk of Court using the CM/ECF system which will automatically send email or other notification of such filing to the following attorneys of record:

Ian E. Smith and Whitney Dupree

Spire Law, PLLC
2572 W. State Road 426 Suite 2088
Oviedo, Florida 32765

This 17th day of January 2024.

/s/ Beverly A. Lucas
Beverly A. Lucas
Georgia Bar No. 427692

 Outlook

---

**RE: EXT: Re: Charnae Jones v. Provista Diagnostics et al., Post Judgment Responses to Discovery Requests**

---

**From** Ian Smith <ian@spirelawfirm.com>

**Date** Wed 2/26/2025 3:55 PM

**To** Beverly Lucas <beverly@lucasandleon.com>

**Cc** Margarita Mercado Agrinzone <margarita@spirelawfirm.com>; Sarah Hander <sarah@spirelawfirm.com>

Beverly,

Written responses were served more than two weeks ago.  If you did not receive written responses to Plaintiff's requests, please let me know.

With respect to Mr. Commissiong, I neither represent him nor am I in any position to produce him in any way.

Ian

**Ian E. Smith, Esq.** | Partner



**S P I R E   L A W**

ian@spirelawfirm.com | 212.335.0018
www.spirelawfirm.com
Offices in Atlanta and New York

**From:** Beverly Lucas <beverly@lucasandleon.com>
**Sent:** Wednesday, February 26, 2025 2:17 PM
**To:** Ian Smith <ian@spirelawfirm.com>
**Cc:** Margarita Mercado Agrinzone <margarita@spirelawfirm.com>; Sarah Hander <sarah@spirelawfirm.com>
**Subject:** EXT: Re: Charnae Jones v. Provista Diagnostics et al., Post Judgment Responses to Discovery Requests

*** CAUTION: External sender. Use caution when clicking links or opening attachments. ***
Ian:
I am in receipt of your non-answers to Rogs for Provista. Gerald was also subpoena'd to give a deposition on Friday. Will you be producing him?
-Beverly

**Beverly A. Lucas**

**Lucas & Leon, LLC**