IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARNAE JONES,<br>Plaintiff,<br><br>v.<br>PROVISTA DIAGNOSTICS, INC.,<br>et al<br><br><br>Defendants. | CIVIL ACTION NO.<br>1:22-cv-05134-MLB<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION AND MEMORANDUM
FOR ADDITIONAL SANCTIONS AS REMEDY FOR
DEFENDANTS' CONTEMPT**

Plaintiff files her Motion and Memorandum for Sanctions as Remedy for Defendants' Contempt from Defendants' failure to pay Plaintiff in accordance with this Court's April 15, 2024 approval of the Fair Labor Standards Act ("FLSA") settlement agreement and from Defendants' failure to pay in accordance with the Court's October 24, 2024 Order directing Defendants to pay by November 14, 2024 or to *Show Cause* by November 21, 2024 as to why Defendants should not be held in Contempt. (Doc. 39) Defendants have failed to pay Plaintiff in any amount. Defendants have failed to *Show Cause* as to why they should not be held in Contempt by this Court.

## I.     **RELEVANT FACTS**

1. This Court approved an FLSA Settlement Agreement, in this case, on April 15, 2024 (Doc. 28)

2. The Settlement Agreement (Doc. 27-1) states that payment was to be made no later than 30 days after Court approval of the Settlement Agreement, making payment from Defendants due no later than May 15, 2023. Payment was not tendered and Defendants thus breached the agreement.

3. Plaintiff filed a Motion to Enforce the Settlement Agreement on May 29, 2024. (Doc. 35) The Court further ordered Defendants that, if they were unable complete payment by November 14, 2024, Defendants were to show cause by November 21, 2024 as to why they should not be held in contempt. (Doc. 35)

4. Defendants' counsel filed a notice, on November 21, 2024, explaining that counsel had not been able to contact his clients, and informed the Court that payment had not been made to Plaintiff as ordered by the Court. (Doc. 40)

5. Counsel for Defendants argued that the Court should not hold Defendants in contempt because Defendants were unable to pay. This is because counsel claimed that Todos Medical was in liquidation in Israel and that Provista Diagnostics was no longer open in their previous location. The Court held a contempt hearing on December 19, 2024. (Doc. 42)

6. At the hearing, counsel for Plaintiff made an oral request for Defendants to be held in contempt and the Court granted the request. (Doc. 42)

7. The Court, additionally, permitted Plaintiff's counsel to conduct 45 days of discovery on Defendants' ability to pay additional amounts for failure to comply with the Court's October 24, 2024 Order. (Doc. 42)

8. Plaintiff's counsel located an address in Pennsylvania where CEO and owner of Defendants resides.

9. Plaintiff's counsel sent a subpoena for deposition and written discovery to Defendants' counsel and to Defendants' owner/CEO via a Pennsylvania process server. (Doc.47-4, Ex. 1) Despite the process server leaving a note, Defendants' owner/CEO did not return a call and when the process server returned to the residence, the server saw someone peeking out of the window but no one came to answer the door. (Ex. 1)

10. Defendant counsel's response to the written discovery yielded little but the responses further claimed that counsel had no contact with Defendants. (Doc. 47-4)

11. Neither Defendants nor Defendants' counsel have provided any proof as to the financial condition of Defendants. (Doc. 47-4)

12.     Even if Todos was in liquidation in Isreal, Plaintiff believes that this debt was not included in any discharge as Plaintiff was not notified within the liquidation process and deprived of an opportunity to attend a creditor's meeting.

13.     In addition to sanctions for contempt of this Court, Plaintiff requests that attorney's fees for attendance at the contempt hearing and for having to prepare this motion be paid by Defendants in the amount of $1,050.00. (See Attorney's Aff. Doc 27-2)

## II.     LEGAL STANDARD

Courts possess inherent power to enforce compliance with their lawful orders through civil contempt. Shillitani v. United States, 384 U.S. 364, 370 (1966); Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991). A party "in a civil contempt proceeding must establish by clear and convincing evidence that the alleged contemnor violated the court's earlier order." United States v. Robets, 858 F.2d 698, 700 (11th Cir. 1988). Once this *prima facie* showing of a violation is made, the burden shifts to the alleged contemnor "to produce evidence explaining his noncompliance." Citronelle-Mobile Gathering, Inc., 943 F.2d at 1301; Mercer v. Mitchell, 908 F.2d 763, 768 (11th Cir. 1990).

### III. ARGUMENT AND CITATION TO AUTHORITY

#### A. The Court Possesses Broad Discretion in Fashioning a Contempt Sanction.

Once a party is found in contempt, "A court has broad discretion in fashioning a contempt sanction." FN Herstal, S.A. v. Clyde Armory, Inc., Civil Case No. 3:12-cv-0010218 (M.D. Ga. Sept, 27, 2016). The sanction can be either coercive or compensatory, intended to make the injured party whole from the losses and the expenses incurred as a result of the contemnor's actions or inactions. McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir, 2000).

In this case, the Court has found Defendants in Contempt. The Court GRANTED Plaintiff 45 days of discovery in an effort to fashion an appropriate remedy for Defendants' contempt by investigating Defendants' claims of inability to pay. Defendants failed to participate in the discovery and therefore, Defendants' claims of inability to pay could not be substantiated.

As part of the original Settlement Agreement, the parties agreed to a monetary sanction of 10 % per day, for each day that Defendants remained in default. Defendants failed to cure their default by paying the agreed settlement amount during the period of time set out within the Agreement for curing its Default during, on, or after May 25, 2024. There is no sanction specified in the

for Defendants' contempt. Defendants have still not paid the agreed upon amount or any amount and have made no attempts to rectify their Default. According to their counsel, Defendants have ceased communication with counsel and thus with this Court. This Court found Defendants in Contempt on December 23, 2024. It has been 7 months or 210 days since Defendants' period to cure their default. Three months or 90 days have passed between this Court finding Defendants in Contempt and the date Plaintiff was to file her Motion for sanctions.

Defendants did not pay the negotiated amount of $22,500.00, nor any amount. Plaintiff therefore asks that she be granted 10% per day or $2,250.00 per day until Defendants make payment. This is not for the purpose of punishment but as a sanction for Defendants' Contempt, and to coerce Defendants into making payment thereby making Plaintiff whole.

### B. Plaintiff's Attorneys' Fees

"An award of attorneys' fees is an appropriate sanction response for civil contempt." Hubbard/Downing, Inc. v. Kevin Heath Enters., 1:10-cv-1131-WSD (N.D. Ga. Jan. 6, 2014) (*Citing* Shaefer Fan v. J&D Mfg., 265 F.3d 1283, 1290 (Fed. Cir. 2001). "A willfulness is not a prerequisite to awarding attorneys' fees in a civil contempt action." Id. (*Citing* Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc., 793 F.2d 1529, 1535-36 (11th Cir. 1986).)

Since Defendants refused to honor the Settlement Agreement, Plaintiff was forced to file a motion enforcing the agreement. When Defendants further refused to respond to the Court's Order and failed to *show cause* as to why Defendants should not be held in contempt, Plaintiff verbally petitioned the Court for sanctions. The Court Ordered Plaintiff to file this Motion for Sanctions. As a result, Plaintiff has incurred additional attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that the Court: (1) Order Defendants to pay additional attorney's fees for attorney's attendance at the hearing for contempt and for the preparation of this motion in the amount of $1,050.00 (for 3 hours of attorney time) as this Court has previously approved in Doc. 27-2; (2) enter a sanction resulting from Defendants' contempt as a result of its failure to *show cause* as to why Defendants should not be held in contempt in the amount of $2250.00 per day until paid in full.

This 19th day of August 2025.

*/s/ Beverly A. Lucas*
Beverly A. Lucas
Georgia Bar No. 427692

Lucas & Leon, LLC
P.O. Box 752
Clarkesville, Georgia 30523
T: (706) 752-2001

F: (706) 752-8085
beverly@lucasandleon.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHARNAE JONES,<br>Plaintiff,<br><br>v.<br><br>PROVISTA DIAGNOSTICS, INC., et al,<br><br>Defendants. | CIVIL ACTION NO.<br>1:22-cv-05134-MLB<br><br><br>JURY TRIAL DEMANDED |

## **CERTIFICATE OF FONT COMPLIANCE AND CERTIFICATE OF SERVICE**

In accordance with Local Rule 7.1D, I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, it was prepared with Times New Roman, 14 point.

Because the Court permitted Defendant counsel to withdraw, Defendant is now *Pro Se* and Plaintiff has mailed this motion to Defendant CEO and owner, at his last known address and the last known address of Defendants.

Provista Diagnostics, Inc./TODOS Medical  
2001 Westside Parkway, Suite 240  
Alpharetta, Georgia 30004

Gerald Commissiong  
2051c Raleigh Road  
Hummelstown, PA. 17036

This 19th day of August 2025.

/s/ *Beverly A. Lucas*  
Beverly A. Lucas  
Georgia Bar No.: 427692

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARNAE JONES,<br>        Plaintiff,<br><br>v.<br>PROVISTA DIAGNOSTICS, INC.,<br>et al,<br>        Defendants. | CIVIL ACTION NO.<br>1:22-cv-05134-MLB<br><br><br>JURY TRIAL DEMANDED |

## ORDER

After having read and considered the foregoing, this Court awards Plaintiff the sanction of _____ Plus Attorney's fees of $1,050.00.

THIS _____ day of August, 2025

                                                                                                     MICHAEL L. BROWN
                                                                                                     United States District Court Judge of the
                                                                                                     Northern District of Georgia